AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| RUPERTO HERNANDEZ, | ) | Case No.  12-8364-WM |
| a/k/a Ruperto Hernandez-Gomez, | ) | |
| | ) | |
| | ) | |

FILED by _____ D.C.

SEP 1 2 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

Defendant(s)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ September 7, 2012 _____ in the county of _____ Palm Beach _____ in the
_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC Section 1326(a) | Illegal Reentry after Deportation. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Andy Korzen, Deportation Officer, ICE
Printed name and title

Sworn to before me and signed in my presence.

Date:  9-12 - 2012

_____
Judge's signature

City and state:  _____ West Palm Beach, FL _____

U.S. Magistrate Judge William Matthewman
Printed name and title

<u>UNITED STATES v. RUPERTO HERNANDEZ</u>
<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Andy Korzen, being duly sworn, depose and state as follows:

1.      I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed for over nine years. I am currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2.      This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that **Ruperto HERNANDEZ**, also known as Ruperto HERNANDEZ-GOMEZ committed the offense of illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a).

3.      On or about September 7, 2012, an individual identifying himself as **Ruperto HERNANDEZ** was arrested in Palm Beach County, Florida on charges of driving under influence and operating motor vehicle while license suspended. He was booked and detained at the Palm Beach County Jail. Upon booking, his fingerprints were entered into the IAFIS system with a positive match for an individual previously removed from the United States, that is, **Ruperto HERNANDEZ**.

4.      On or about September 10, 2012, at the Palm Beach County Jail, Immigration Enforcement Agent Cynthia Alcocer took a sworn statement from the individual identifying himself as **Ruperto HERNANDEZ**. Post-*Miranda,* the individual

1

admitted to being a citizen of Guatemala. He further admitted that he last entered the United States in 2009 after being removed from the United States in 2008. **Ruperto HERNANDEZ** also admitted that he did not seek permission from the U.S. government to re-enter the United States. **Ruperto HERNANDEZ** also admitted that he did not seek permission from the U.S. government to re-enter the United States.

5.      On or about September 11, 2012, your affiant received copies from the immigration file bearing control number A088 848 137 assigned to **Ruperto HERNANDEZ**. Records within this alien file assigned to **Ruperto HERNANDEZ** show that he is a native and citizen of Guatemala. Records further show that on or about May 27, 2008, **Ruperto HERNANDEZ** was ordered removed from the United States. The Order of Removal was executed on June 4, 2008, whereby **Ruperto HERNANDEZ** was removed from the United States to Guatemala.

6.      Border Patrol Fingerprint Examiner Richard Abbott conducted fingerprint comparison in this case. The fingerprint comparison confirmed that the individual encountered on September 7, 2012, that is, **Ruperto HERNANDEZ**, was the same person previously removed from the United States on or about June 4, 2008.

7.      Your affiant performed a record check in the Computer Linked Application Informational Management System (CLAIMS) to determine if **Ruperto HERNANDEZ** filed an application for permission to reapply for admission into the United States after deportation or removal. After a diligent search was performed in that database system, no record was found to exist indicating that **Ruperto HERNANDEZ** obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

Certificate of Non-Existence of Record has been requested from Bureau of Citizenship and Immigration Services.

8.     Based on the foregoing, your affiant avers that there exists probable cause to believe that, on or about September 7, 2012, **Ruperto HERNANDEZ,** also known as Ruperto HERNANDEZ-GOMEZ, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me
this __12th__ day of September, 2012.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   12-8364-WM


UNITED STATES OF AMERICA

vs.

RUPERTO HERNANDEZ,
a/k/a "Ruperto Hernandez-Gomez,"

Defendant.
_____/

## CRIMINAL COVER SHEET


1.    Did this matter originate from a matter pending in the Northern Region of the United
      States Attorney's Office prior to October 14, 2003?    _____ Yes   _X_ No

2.    Did this matter originate from a matter pending in the Central Region of the United States
      Attorney's Office prior to September 1, 2007?    _____ Yes   _X_ No



                               Respectfully submitted,

                               WIFREDO A. FERRER
                               UNITED STATES ATTORNEY

                    BY:    _____
                               EMALYN WEBBER
                               ASSISTANT UNITED STATES ATTORNEY
                               Emalyn.Webber@usdoj.gov
                               Florida Bar No. 407501
                               500 S. Australian Avenue, Suite 400
                               West Palm Beach, FL 33401-6235
                               Tel: (561) 820-8711
                               Fax: (561) 820-8777